## UNITED STATES v. WILSON.

### No. 3148.

Circuit Court of Appeals, Fourth Circuit.

June 17, 1931.

C. L. Dawson, Atty., U. S. Veterans' Bureau, of Washington, D. C., and Joseph A. Tolbert, U. S. Atty., of Greenville, S. C. (William Wolff Smith, Gen. Counsel, U. S. Veterans' Bureau, of Washington, D. C., on the brief), for the United States.

Douglas Featherstone and Calhoun A. Mays, both of Greenwood, S. C. (Mays & Featherstone, of Greenwood, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

NORTHCOTT, Circuit Judge.

Appellee, James W. Wilson, hereinafter referred to as the plaintiff, instituted this action in the District Court of the United States for the Western District of South Carolina, on a $10,000 war risk insurance contract. Plaintiff enlisted in the army of the United States on June 24, 1918, and was honorably discharged on June 24, 1919, and while serving in the army was issued a war risk insurance policy for $10,000. The last date the insurance contract was in force was July 31, 1919. Plaintiff alleged that while in such service he suffered serious and permanent injury to his leg, and injury to his nervous system through being under shell fire, from the effect of which disabilities he became permanently and totally disabled to the extent contemplated by the said contract of war risk insurance, as of June 24, 1919.

Two weeks after his discharge from the army, plaintiff went to work at the same occupation he had followed before entering the army, working in textile mills, and worked practically continuously, up to the time of the trial, a period of eleven years, receiving about the same wages as others working with him at the same tasks. The case was tried in November, 1930, before a jury. Motion was made to direct a verdict in behalf of the United States, which motion was denied by the court, and the jury returned a verdict for the plaintiff. Judgment was entered on the verdict by the court below, from which action this appeal was taken.

Two main questions are raised by the appellant in its assignments of error: First, that the court erred in admitting certain reports of physical examinations made of the plaintiff, which were contained in the files of the United States Veterans' Bureau; second, that the court erred in not directing a verdict for the defendant.

The reports in question, to the admission of which objection was made, were reports of physicians to the Veterans' Bureau, and contained, among other things, certain statements of plaintiff himself, made during the examination. In United States of America v. Wescoat, 49 F.(2d) 193, decided by this court, April 13, 1931, Judge Parker exhaustively discusses the question of the admission of evidence of this character, and this court held that the evidence in that case was admissible, because it constituted the "best evidence possibly obtainable"; but, in the Wescoat Case, there was no question of the admission of anything other than the cer-

tificate of the physicians, and the field hospital tags were entries made by the field hospital physicians in the ordinary course of professional duty. The physicians themselves were not available as witnesses, and the tags constituted the best evidence as to the findings of the physicians. In this case there is no showing that the physicians making the reports could not have been obtained as witnesses, and the judge admitted the entire report, including what may well be termed self serving declarations, made by plaintiff at the time of the various examinations.

The cases of Runkle et al. v. United States (C. C. A.) 42 F.(2d) 804, and United States v. Cole (C. C. A.) 45 F.(2d) 339, relied upon by attorneys for the plaintiff, are easily distinguished from the instant case, and assuming without deciding that the reports in those cases were properly admitted these decisions are not controlling here. The admission of the records as they were here admitted is, in our opinion, reversible error.

On the second question, it appears from the record that the plaintiff had worked at his usual occupation almost continuously for a period of eleven years, from a date of two weeks after his discharge from the army, and until the time of the trial, and while the plaintiff testified that he worked under great difficulties and in great pain, yet we do not see how it can be maintained that he was permanently and totally disabled in June, 1919.

The pertinent regulation is as follows: "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed, in Articles III and IV, to be total disability."

In the case of United States of America v. Harrison, 49 F.(2d) 227, decided by this court April 13, 1931, under evidence not nearly so strong as we have in this case, this court held that the veteran had not been permanently and totally disabled before the lapsing of his policy. Keeping in mind the liberal construction in favor of the insured given a policy of this character, and keeping in mind the fact that a man should not be penalized because he makes an honest effort to make a living, we feel here, as was said in the Harrison Case, that we do not see how the position that the insured was totally and permanently disabled at the time of the expiration of the policy of insurance can be sustained. How can it be said that a man is not able to follow any substantially gainful occupation when he does work under practically continuous employment for a period of

about eleven years, and is so working immediately preceding the day of the trial?

While the courts are always careful not to invade the province of the jury, as to a finding of fact, a verdict, which is clearly wrong and which is in no way supported by the evidence, cannot be allowed to stand.

For reasons above given the judgment of the court below is reversed.