## NALBANTIAN v. UNITED STATES.
### No. 4623.

Circuit Court of Appeals, Seventh Circuit.
Nov. 23, 1931.

Rehearing Denied Jan. 2, 1932.

Edward H. S. Martin and James J. Barbour, both of Chicago, Ill., for appellant.

George E. Q. Johnson, U. S. Atty., and Thomas Dodd Healy, Asst. U. S. Atty., both of Chicago, Ill.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge (after stating the facts as above).

In view of the conclusion we have reached concerning the state of the evidence bearing upon appellant's total disability, it is unnecessary to specifically state or discuss the several errors upon which appellant relied for reversal. At the close of the testimony, appellee moved the court to direct a verdict in its favor. Inasmuch as we believe this motion should have been granted, errors, if any, which appear in the charge were not prejudicial. Likewise, the rulings on the admission or rejection of evidence to which appellant excepted were nonprejudicial, for such evidence did not in the least tend to refute or explain the evidence which conclusively established appellant's disability as partial rather than total.

The evidence which conclusively disproved appellant's asserted total disability was undisputed and irrefutable. The records of the J. I. Case Company of Racine, showing the hours of service and the compensation of appellant for a period of approximately a year and a half following his discharge from military service, were received in evidence, and the correctness of the figures was not questioned. Appellant began working for this company about one week after the date of his discharge. The computations are herewith reproduced:

| Work Period | | | Hours | Pay |
|---|---|---|---|---|
| 2/ 3/19 | to | 2/15/19 | 29 | $ 71.92 |
| 2/16 " | " | 2/28 " | 116.5 | 66.14 |
| 3/ 1 " | " | 3/15 " | 144.5 | 83.80 |
| 3/16 " | " | 3/31 " | 124 | 73.58 |
| 4/ 1 " | " | 4/15 " | 131 | 76.45 |
| 4/16 " | " | 4/30 " | 133.5 | 78.23 |
| 5/ 1 " | " | 5/15 " | 118.5 | 72.89 |
| 5/16 " | " | 5/31 " | 114.25 | 67.67 |
| 6/ 1 " | " | 6/15 " | 129 | 74.78 |
| 6/16 " | " | 6/30 " | 140 | 84.24 |
| 7/ 1 " | " | 7/15 " | 118 | 67.68 |
| 7/16 " | " | 7/31 " | 143 | 87.71 |
| 8/ 1 " | " | 8/15 " | 120.5 | 75.16 |
| 8/16 " | " | 8/31 " | 117.5 | 74.22 |
| 9/ 1 " | " | 9/15 " | 110.75 | 68.46 |
| 9/16 " | " | 9/30 " | 98 | 44.82 |
| 10/ 1 " | " | 10/15 " | 60 | 31.02 |
| 10/16 " | " | 10/31 " | 126.75 | 67.69 |
| 11/ 1 " | " | 11/15 " | 123 | 68.55 |
| 11/16 " | " | 11/30 " | 99 | 63.69 |
| 12/ 1 " | " | 12/15 " | 119 | 78.85 |
| 12/16 " | " | 12/31 " | 114.75 | 88.07 |
| 1/ 1/20 | " | 1/15/20 | 98 | 72.71 |
| 1/16 " | " | 1/31 " | 121 | 84.96 |
| 2/ 1 " | " | 2/15 " | 100 | 76.14 |
| 2/16 " | " | 2/29 " | 85 | 56.55 |
| 3/ 1 " | " | 3/15 " | 126 | 106.75 |
| 3/16 " | " | 3/31 " | 134.5 | 121.73 |
| 4/ 1 " | " | 4/15 " | 108 | 95.09 |
| 4/16 " | " | 4/30 " | 120 | 106.19 |
| 5/ 1 " | " | 5/15 " | 100 | 90.72 |
| 5/16 " | " | 5/31 " | 100 | 88.42 |
| 6/ 1 " | " | 6/15 " | 108 | 89.00 |
| 6/16 " | " | 6/30 " | 109.25 | 91.67 |
| 7/ 1 " | " | 7/15 " | 110 | 97.27 |
| 7/16 " | " | 7/31 " | 125 | 109.28 |
| 8/ 1 " | " | 8/15 " | 86.5 | 76.80 |
| 8/16 " | " | 8/31 " | 95.75 | 87.22 |

From these figures it appears that from February 3, 1919, to August 31, 1920, appellant worked 4,257.5 hours and received $3,016.12. Nor did he cease work because of ill health. His employer cut down operation and "let off" some of the men. When the business picked up, appellant was again employed in 1921 and also in 1922. In the latter year, he worked two months putting in nearly ten hours a day, six days in the week, and received a little over $25 per week for his wage.

For the purposes of the argument, it may be conceded that appellant was suffering from an undiscovered case of pulmonary tuberculosis on February 1, 1919. With this concession it nevertheless affirmatively appears that his disability was not total. A workman engaged in marking parts of an au-

tomobile, who works steadily for a year and a half for better than eight hours a day, six days in the week, and without interruption, and receives $3,016.12 therefor, cannot be said to have been totally disabled. If a jury so found, a court could not permit the verdict to stand.

█ Each war risk insurance case must be decided on the facts peculiar to it. No two are exactly alike. A review of the decisions in other cases would serve no useful purpose.

The judgment is affirmed.