**UNITED STATES v. DOUGHERTY.**

No. 4558.

Circuit Court of Appeals, Seventh Circuit.

Dec. 18, 1931.

Rehearing Denied Jan. 11, 1932.

Harold G. Baker, U. S. Atty., of East St. Louis, Ill., John W. Speakman, Asst. U. S. Atty., of Danville, Ill., and William Wolff Smith, Sp. Counsel, Veterans' Administration, and Bayless L. Guffy, all of Washington, D. C., and Bryan Purteet, of St. Louis, Mo., for appellant.

Samuel V. Jinkins, of Danville, Ill., for appellee.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

SPARKS, Circuit Judge (after stating the facts as above).

Under section 400 of the War Risk Insurance Act, 40 Stat. 409, and section 402 as amended by § 21, 40 Stat. 615, the insurance shall be payable only at death or during any total and permanent disability to the injured person which existed at or before the expiration of an insurance contract.

Under section 13 of the act, 40 Stat. 398, 399, the director, subject to the general direction of the Secretary of the Treasury, shall adopt reasonable and proper rules to govern

the procedure of the divisions and to regulate and provide for the nature and extent of the proofs and evidence. By virtue of this section the director, on March 9, 1918, defined total disability, as contemplated in articles III and IV of the act, to be any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation. He further declared in that order that total disability shall be deemed to be permanent whenever it is founded upon conditions which render der it reasonably certain that it will continue throughout the life of the person suffering from it. Regulation 11.

The only controverted issue presented to the trial court was whether or not appellee, at or before the expiration of the insurance contract, was totally and permanently disabled within the meaning of the statute and the director's regulations thereunder.

We are first met, however, with the contention of appellant that the court erred in admitting, over the objections of the government, Appellee's Exhibits 5, 6, 7, 8, and 9. These were letters bearing somewhat on the physical condition of the insured, and were written by various officers and representatives of the United States Veterans' Bureau, but they related to disability compensation and not insurance as contemplated by the certificate in the instant action. It is contended by appellant in this respect that such disability compensation is based on other and different statutes, which provide that for the purposes of certain sections therein contained any ex-service man who is shown to have—or, if deceased, to have had—an active tuberculosis disease prior to January 1, 1925, developing a 10 per centum degree of disability or more, shall be presumed to have acquired his disability in such service between April 6, 1917, and July 2, 1921. Act of 1924, § 200, 43 Stat. 615, as amended by Act of 1925, § 6, 43 Stat. 1304, as amended by Act of 1926, § 7, 44 Stat. 793, and as amended by Act of 1930, c. 849 (Public No. 522), § 11, 46 Stat. 995 (38 USCA § 471). Inasmuch as the provision just referred to —with relation to the presumption of the time of acquiring the disease—is not contained in the acts which relate to insurance, it is appellant's contention that the exhibits above referred to can have no relation to the instant case and were improperly admitted. In support of its contention it cites United States v. Searls (C. C. A.) 49 F. (2d) 224, and Runkle v. United States (C. C. A.) 42 F.(2d) 804, 806, neither of which cases, as we read them, supports appellant's contentions.

In the Searls Case, supra, the trial court's ruling on evidence was not before the court, nor was it referred to. The cause was reversed and remanded for a new trial because the trial court instructed the jury that the presumption contained in the enactment relating to compensation for disability applied to insurance, and it therefore instructed peremptorily for the insured.

In the Runkle Case, supra, the cause was reversed and remanded because the trial court excluded the opinion of a physician, based on the history of the case, to the effect that insured was unable to carry on gainful occupation from November, 1918, until his death; but the trial court was sustained in excluding a physician's report found in the Veterans' Bureau files because it was not properly identified. In this connection the court said, by way of instruction to the trial court at the next trial: "If the report is properly identified as having been made by a doctor employed by the United States government, and that it is his report of a physical examination made of the insured, it is not incompetent." Citing World War Veterans' Act 1924, 38 USCA § 456.

In so far as Exhibits 5, 6, 7, 8, and 9 relate to insured's physical condition, they were properly admitted. There is nothing in the record to indicate that the trial court indulged in the presumption referred to in the act relating to disability compensation.

It is next contended by appellant that the trial court placed an erroneous construction upon the word "continuously" as used by the director in Regulation No. 11. In determining this question it is not necessary to set forth the evidentiary facts relative to insured's physical condition on or about the time of his discharge, or at the expiration of the policy. It is sufficient to say that the only direct evidence on that subject was given by appellee himself, and his evidence as a whole is quite contradictory. About the only supporting testimony in that respect is that of some members of his family and of Dr. Jewell. While the doctor did not examine insured until October 4 and 5, 1930, he gave it as his opinion that insured was unable to follow continuously a substantially gainful occupation from July 8, 1919, to October 1, 1919. He thought insured was so disabled on July 8, 1919, but he said his opinion was not based on his examination.

At the conclusion of all the evidence the trial court remarked that the question was a close one. During the examination of Dr. Montfort, a witness called by the court, the court remarked: "Of course, the question would be material, whether a man may do that continuously day after day, week after week and month after month and year after year. That is the question I am to decide. That is what the Supreme Court has said constitutes total and permanent disability. It must be total and it must be permanent, and that means it must be following continuously a gainful occupation."

We are inclined to the belief that the language quoted means that any disability which prevents one from following a substantially gainful occupation day after day, week after week, month after month, and year after year, constitutes a total disability. With this construction we are unable to agree. We think the word "continuously" should not be given such an absolute meaning, but should be reasonably and relatively interpreted, having in mind the object which Congress evidently contemplated. We are unable to find any authority which has given such a broad construction to this regulation.

On account of the conflicting testimony and the uncertainty of the facts which are necessary to be established to warrant a recovery, we cannot say that this view of the law as expressed by the court did not lead to an unwarranted and erroneous conclusion.

The judgment is reversed, and the cause remanded, with direction to award a new trial.