## UNITED STATES v. DIEHL.
### No. 3366.

Circuit Court of Appeals, Fourth Circuit.
Dec. 2, 1932.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (David D. Ashworth, U. S. Atty., of Beckley, W. Va., and Davis G. Arnold and Lawrence A. Lawlor, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

W. T. Lovins, of Huntington, W. Va. (Marcum, Lovins & Gibson, of Huntington, W. Va., on the brief), for appellee.

Before PARKER and SOPER, Circuit Judges, and CHESNUT, District Judge.

PARKER, Circuit Judge.

This is an appeal by the government from a judgment on a policy of war risk insurance. The only question raised by the appeal which we need consider is whether the trial court erred in refusing to direct a verdict for the government; the contention being that the evidence did not establish total and permanent disability during the life of the policy, and that same had lapsed for non-payment of premiums.

The premiums paid on the policy carried the insurance to June 30, 1918; and there is evidence showing that insured was honorably discharged from the Army on account of "pulmonary tuberculosis, chronic, both apices," a little over a month prior to that date. There is evidence also which would warrant the conclusion that in 1928 and thereafter up until the trial of the case he was suffering from active tuberculosis, and was unable to work. On the other hand, the conclusion from the evidence is inescapable that between 1918 and 1927 he was able to work and did work with reasonable regularity at substantially gainful occupations. Between 1918 and 1925 he was examined by a number of physicians, who gave as their diagnosis that his case of tuberculosis had been arrested. Within two months after his discharge from the Army, he was employed by an automobile agency, where he remained for three or four years, earning wages of from $20 to $35 per week. During this period he was given vocational training as an automobile salesman by the government, which he completed in about a year and a half. The records of the agency by which he was employed show that in the nine-month period from January to September, 1922, his wages amounted to $810.33. After this he worked for about two years in the automobile repair shop of his brother, earning about $15 per week. When his brother quit business, he worked in the automobile repair shop of another company for about a year. After this he again worked for his brother for about six months, and then from July, 1925, to March, 1926, for the Huntington Motor Company, earning during this latter nine-month period wages amounting to $1,031.27. From May, 1927, to February, 1928, he was employed by the Motor Transport Company, earning a total of $1,169.33.

It is clear that, in the face of this work record, plaintiff cannot be held to have been totally and permanently disabled between 1918 and 1928. His general statement that he was not able to work regularly cannot be given probative force in the light of uncontradicted testimony that over this long period he did work with reasonable regularity and received substantial remuneration for his work. U. S. v. Harrison (C. C. A. 4th) 49 F. (2d) 227; U. S. v. Wilson (C. C. A. 4th) 50 F. (2d) 1063; Long v. U. S. (C. C. A. 4th) 59 F. (2d) 602; Nicolay v. U. S. (C. C. A. 10th) 51 F.(2d) 170; Nalbantian v. U. S. (C. C. A. 7th) 54 F.(2d) 63; Hirt v. U. S. (C. C. A. 10th) 56 F.(2d) 80; U. S. v. McGill (C. C. A. 8th) 56 F.(2d) 522, 524; Eggen v. U. S. (C. C. A. 8th) 58 F.(2d) 616.

There seems to be some misunderstanding of our decision in Carter v. U. S. (C. C. A. 4th) 49 F.(2d) 221, 223. We held there than an insured under a policy of war risk insurance is not necessarily precluded from recovery on the ground of total and permanent disability by the mere fact that he has worked. We pointed out that the question was not whether he had worked, "but whether he was able to work, i. e., whether he was able to follow continuously some substantially gainful occupation without material injury to his health." But there is nothing in that case which holds that mere general statements by the insured that he was not able to work are sufficient to carry the case to the jury on the issue of total and permanent disability in the face of positive and uncontradicted testimony that he has in fact worked with reasonable regularity over long periods of time. In the absence of evidence showing that such work has been carried on notwithstanding disability, as that it has resulted in substantial injury to health, such general statements are no more than mere opinions, which being contradicted by the physical facts of the case are without probative force. This was our decision in the Harrison Case, supra, rendered on the same day as that in the Carter Case.

It is in accord with the well-settled rule that, "when the testimony of a witness is positively contradicted by the physical facts, neither the court nor the jury can be permitted to credit it." U. S. v. McGill, supra.

■ There is no mystery about what is meant by total and permanent disability. These words have a well-understood meaning; and it may be safely postulated that no man is to be deemed totally and permanently disabled within the meaning of a policy of war risk insurance who is not totally and permanently disabled within the common acceptation and meaning of these terms. The regulations promulgated by the Director of the Bureau of War Risk Insurance were designed to render more certain the conceptions embraced by the terms, not to render them more vague or to furnish a point of departure for casuistical reasoning leading to conclusions which the common sense of intelligent men would reject.

■ The burden of proof rests upon the plaintiff in an action of this character to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums. He must show two things: (1) That before the policy lapsed he was totally disabled, i. e., that his disability was of such a character that he was incapable of pursuing with reasonable regularity any substantially gainful occupation; and (2) that this disability was of a permanent character, i. e., that it was based upon conditions which rendered it reasonably certain at the time that it would continue throughout the life of the insured. Of course, the subsequent history of the insured may be considered for the purpose of determining whether a disability deemed only partial or temporary at the time of the lapse of the policy was in fact total and permanent. But partial disability existing at the time of lapse does not warrant a recovery, even though total disability may subsequently result; and total disability based upon conditions which at the time of lapse do not render it reasonably certain that such total disability will continue through life is not to be deemed permanent, even though a subsequent change of conditions may render such disability permanent in character. See Eggen v. U. S., supra.

In the case at bar, the evidence fails to establish that the disability of insured was either total or permanent. The insured's work record effectually negatives the contention that his disability was total; for it shows without contradiction that, shortly following the lapse of the policy, he worked with fair regularity over a long period of time at a substantially gainful occupation, and there is no evidence that his health was impaired as a result thereof. Likewise there is no showing that he was suffering from a permanent disability. While it is shown that he had tuberculosis at the time of his discharge from the Army, it is not shown that his condition was such as to render it reasonably certain that the disease would permanently disable him. On the contrary, the evidence is that shortly after his discharge the disease was found to be in an arrested state. See Nicolay v. U. S., supra.

For the reasons stated, there was error in denying the motion of the defendant for a directed verdict, and the judgment is accordingly reversed.

Reversed.