## GREGORY v. UNITED STATES.
### No. 3348.

Circuit Court of Appeals, Fourth Circuit.
Dec. 2, 1932.

Harley M. Kilgore, of Beckley, W. Va. (Kyle D. Harper, of Beckley, W. Va., on the brief), for appellant.

346

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (David D. Ashworth, U. S. Atty., of Beckley, W. Va., on the brief), for the United States.

Before PARKER and NORTHCOTT, Circuit Judges, and CHESNUT, District Judge.

PER CURIAM.

This is an appeal by the plaintiff from a judgment on a verdict directed in favor of the government in a war risk insurance case. The only question presented is whether there was sufficient evidence of total and permanent disability to take the case to the jury. We agree with the judge below that there was not.

The policy was continued in force by the premiums paid to June 30, 1919. At that time plaintiff was unquestionably suffering from a valvular heart leak resulting in a permanent disability. It is clear, however, that this disability was not total. While it was the occasion of suffering to plaintiff from time to time, and rendered it impossible for him to do hard manual labor, it did not prevent his doing lighter forms of work or engaging with reasonable regularity in substantially gainful occupations. He applied for and received vocational training from the government, and from 1919 to the time of the institution of the action held various positions and earned substantial wages. Following his discharge from the Army in 1919 he worked from time to time in the supply house of the Raleigh Coke & Coal Company. In 1920 he took vocational training. From May, 1920, to January, 1921, he worked for his father-in-law, delivering groceries, and earned $75 to $80 per month. In 1922 he worked from February to November for the Summit Coal Company, earning $1,447.50. From January to June, 1923, he worked for the Raleigh Coal Company, earning $810.46. He then worked with his father-in-law again until about the middle of 1924, when he was employed by the Winding Gulf Colliery, where he worked loading coal and as assistant mine foreman. While so employed, he earned a total of $5,514.25.

In the light of these facts, there can be no question but that verdict for the government was properly directed. U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343 (this day decided); U. S. v. Thomas (C. C. A. 4th) 53 F.(2d) 192.

The judgment will be affirmed.

Affirmed.