## UNITED STATES v. THOMPSON.
### No. 3399.

Circuit Court of Appeals, Fourth Circuit.
Jan. 31, 1933.

Okey P. Keadle, Asst. U. S. Atty., of Huntington, W. Va. (David D. Ashworth, U. S. Atty., of Beckley, W. Va., and Davis G. Arnold and C. L. Dawson, both of Washington, D. C., Attys., Veterans' Administration, on the brief), for the United States.

Roderick G. Merrick, of Charleston, W. Va. (W. Chapman Revercomb, of Charleston, W. Va., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

### PER CURIAM.

Appellee, who was plaintiff below, brought this action at law in the District Court of the United States for the Southern District of West Virginia, for the recovery of permanent and total disability benefits under a war risk insurance contract in the principal amount of $10,000. The action was tried before a jury in April, 1932, and a verdict in favor of the plaintiff was returned, and the court entered judgment thereon. From this judgment the United States brought this appeal.

The plaintiff entered the United States Army July 25, 1917, and was discharged March 27, 1919. Permanent and total disability was claimed to have begun on or before March 27, 1919. Plaintiff's discharge shows that he did not receive any wounds in action, and that his physical condition when discharged was good. While in the army plaintiff was gassed and spent some time in a hospital. On his return to the United States he did some work, but not much. Just before the trial he had been working as janitor in a schoolhouse at a very small salary. He was sent by the government to a hospital at Greenville, S. C., but did not stay, although urged to do so by the doctor at the hospital. In 1925 he signed an application for reinstatement of his insurance, in which he stated that he was not then permanently and totally disabled. The testimony showed that he had had tuberculosis at some time not definitely fixed, but that it had been arrested and was still arrested a short while before the trial. The doctors who testified both for the plaintiff and defendant stated that the tuberculosis was arrested in the plaintiff's case. In June, 1919, plaintiff was examined for a life insurance policy by a commercial company. He was found to be in good physical condition, and the policy was issued to him.

A consideration of these facts leads us to the conclusion that this case comes within the rule laid down by this court in United States v. Diehl, 62 F.(2d) 343, decided December 2, 1932, and cases cited therein. The principles governing us in deciding what constitutes total disability under a policy of this character have been so thoroughly discussed and well settled by the courts that we do not deem it necessary to enter into any extended discussion of the facts in this particular case, as they clearly show that the plaintiff was not permanently and totally disabled during the life of the policy. The defendant was entitled to a directed verdict, and the judgment is accordingly

Reversed.