## UNITED STATES v. CRAIN.
### No. 4808.

Circuit Court of Appeals, Seventh Circuit.
Feb. 24, 1933.

Before ALSCHULER and SPARKS, Circuit Judges, and FITZHENRY, District Judge.

SPARKS, Circuit Judge.

The sole question presented is whether at the time his policy lapsed appellee was permanently and totally disabled within the meaning of the contract. It is not denied that the policy lapsed at midnight on April 1, 1919.

Section 13 of the War Risk Insurance Act, 40 Stat. 555, as amended by the acts of 1924 and 1930, 43 Stat. 608, § 5, and 46 Stat. 991, § 1 (38 USCA § 426), contains the following clause: "The director, subject to the general direction of the President, shall administer, execute, and enforce the provisions of this chapter, and for that purpose shall have full power and authority to make rules and regulations, not inconsistent with the provisions of this chapter, which are necessary or appropriate to carry out its purposes * * *."

Pursuant to that section the Treasury Department issued its Decision No. 20 which is as follows: "Any impairment of mind or body which renders it impossible for the disabled person to follow continuously any substantially gainful occupation shall be deemed * * * to be total disability. Total disability shall be deemed to be permanent whenever it is founded upon conditions which render it reasonably certain that it will continue throughout the life of the person suffering from it."

Under the policy and the regulations referred to, it was incumbent upon appellee to establish two facts, (1) that while the contract was in force he had an impairment of mind or body which rendered it impossible for him to follow continuously a substantially gainful occupation, and, if so, (2) that conditions were present at the time his contract lapsed which rendered it reasonably certain that such disability would continue throughout his lifetime. United States v. Le Duc (C. C. A.) 48 F.(2d) 789; Ross v. United States (C. C. A.) 49 F.(2d) 541; Nicolay v. United States (C. C. A.) 51 F.(2d) 170;

Paul F. Jones, U. S. Atty., and Walter E. Ackerman, Asst. U. S. Atty., both of Danville, Ill., J. O'Connor Roberts, of Washington, D. C., and Frederic H. Maughmer, of Des Moines, Iowa, for the United States.

George R. Stone and August L. Fowler, both of Marion, Ill., for appellee.

United States v. Thomas (C. C. A.) 53 F. (2d) 192; Eggen v. United States (C. C. A.) 58 F.(2d) 616; Proechel v. United States (C. C. A.) 59 F.(2d) 648.

The evidence submitted by appellee is substantially as follows: Dr. Hillar examined appellee on March 5, 1919, and found him suffering from acute gastritis. He defined the word acute as a sudden and temporary condition as distinguished from continuous or chronic. He treated him again for the same ailment on December 10, 1919, January 14, 1920, April 14, 1924, February 4, 1927, September 27, 1927, November 4, 1929, and January 6, 1931, and found no other abnormality at any of those times. It was his opinion that appellee was unable to do manual labor at the times he saw him, but he stated that it is not unusual for people to suffer from gastritis and continue regularly about their business. Dr. Foster said that he first knew appellee in the early summer of 1924 and diagnosed his case as chronic appendicitis; that the appendix was removed and while the abdomen was open he examined the gall bladder and looked for gastric ulcers. Other than appendicitis he found no abnormal condition. Neither physician testified that appellee was permanently disabled.

Appellee testified that before his military service his health was good and that he had worked at farming, timber cutting, and coal mining; that while in France his right ankle had been swollen for about fifteen days, and that he was attacked with dysentery; that he suffered from headaches; that on October 24, 1918 he "went over the top," and that at that time a hand grenade exploded near him which caused injury to his left eye and necessitated the removal of the left eyeball; that before and after this injury he suffered from stomach ache.

Appellee also testified that after his discharge he worked for about two weeks in a coal mine in June, 1919; that in the following month he started working in another coal mine and worked there for about four months; that in January, 1920, he was employed for about two weeks in a coal mine, doing night work, and left that employment to take up vocational training in Chicago, which he abandoned in a few days on account of rheumatism; that in 1922 and 1923 he worked in coal mines for the better part of a year; that beginning in October, 1923, he worked for about two months in another coal mine, and in 1924 he was engaged in cutting timber but quit that employment in the spring of 1925.

On cross-examination appellee stated that since his discharge he had worked for five or six months for an automobile sales company and was paid by the Veterans' Bureau the sum of $130 per month. He stated that in 1925 or 1926 he was employed in the Chevrolet Motor Factory at Flint, Michigan, and in order to secure that employment he was required to submit to a physical examination, which he passed successfully, but he only worked there one week because of an injury to his right eye and on account of headaches. He further stated that since 1926 he had studied fiction writing and had written quite a few stories but had been unable to sell them.

It was further stated by appellee that since his discharge and while he was engaged in the employment above referred to he was suffering more or less all the time and on that account was unable at times to work full time.

It is also disclosed by the record that on February 20, 1918, which was prior to his induction into service, appellee certified in writing to the Local Board that, with the exception of weak eyes, he was sound and well. At the time of his discharge he filed an application for compensation in which he stated under oath that his disability was a total blindness of the left eye, and he made no claim for compensation for any other disability. On February 24, 1919, just one week after his discharge, he filed a supplemental application for compensation under oath in which he stated that his disability was blindness in the left eye, and he mentioned therein no other disability. On April 21, 1919, he wrote to the Bureau of War Risk Insurance that he was in very good health at that time. On April 25, 1919, he answered in writing certain questions put to him by the Federal Board for Vocational Education, in which he stated that his claim for disability was for the loss of his left eye and that his present physical condition was very good. On December 16, 1919, he again wrote to the Federal Board for Vocational Education that he was physically all right except for the loss of his eye. On January 5, 1920, in his monthly report to that department he stated that he was well and working and that his condition remained the same as the preceding month. On April 28, 1920, in answer to an inquiry from that department he stated that he did not have rheumatism while in the service.

It is impossible to reconcile the different statements made by appellee, but giving them an interpretation most favorable to him we are convinced that there is no substantial evi-

dence to support a finding in his favor. The amount of work that he did and the length of time he was employed and the wages he received are positively inconsistent with the conclusion that he was totally and permanently disabled at the time his policy lapsed.

This is not a suit to adjust compensation in proportion to appellee's ailments. Such compensation has been provided for by other statutes. The right which appellee herein seeks to enforce is purely one of contract, and before he can be permitted to recover thereon he must place himself squarely within the terms of that contract.

It was incumbent on him to prove that his disability, at the time his policy lapsed, rendered it impossible for him to follow continuously any substantially gainful occupation. In United States v. Dougherty (C. C. A.) 54 F.(2d) 721, 723, this court held that the word "continuously" as thus used should not be interpreted in its absolute sense, and that it did not mean "day after day, week after week, month after month, and year after year," but that it should be reasonably and relatively interpreted, having in mind the object which Congress evidently contemplated.

Regardless of what appellee's present condition is, it is quite obvious that there is no substantial evidence in the record which can support a finding that at the time his policy lapsed he was totally disabled within the meaning of his contract.

In support of his contention appellee relies upon United States v. Tyrakowski (C. C. A.) 50 F.(2d) 766, a case decided by this court. The facts in that case are quite different from those in the instant case, both as to the character and the continuity of the disability.

The judgment of the District Court is reversed, and the cause remanded for further proceedings not inconsistent with this opinion.