## UNITED STATES v. TUCKER.

### No. 3450.

Circuit Court of Appeals, Fourth Circuit.
June 15, 1933.

Joseph A. Tolbert, U. S. Atty., of Greenville, S. C., and Wilbur C. Pickett, Atty., Veterans' Administration, of Washington, D. C. (Davis G. Arnold and Lawrence A. Lawlor, Attys., Veterans' Administration, both of Washington, D. C., on the brief), for the United States.

C. A. Mays and Douglas Featherstone, both of Greenwood, S. C. (Mays & Featherstone, of Greenwood, S. C., on the brief), for appellee.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PARKER, Circuit Judge.

This is an appeal from a judgment in favor of plaintiff in an action on a policy of war risk insurance. The contention of the government is that the policy lapsed for nonpayment of premiums and that verdict should have been directed in its favor. The contention of plaintiff is that before he ceased paying premiums the policy matured as a claim in his favor by reason of his total and permanent disability. He contends also that the bill of exceptions should be stricken from the record because not signed within the term or the ninety-day period provided by the rules of the District Court, and that, after it is stricken, the judgment below must necessarily be affirmed, as no ground for reversal appears in the record proper. We shall consider first the point relating to the bill of exceptions.

It appears from the record that the case was tried at a special term of court held in July, 1932, and that verdict was rendered on July 27th. The term expired within a few days thereafter; but jurisdiction for the purpose of settling the bill of exceptions was retained under rule 43 of the rules of practice observed in the federal courts of South Carolina, which provides: "Subject to all limitations and provisions of this Rule, the term of court during which the verdict was rendered when the cause has been tried before a jury or the judgment of the court filed if the case was tried by the judge without a jury, and jurisdiction of the court over such cause for the purpose of settling the bill of exceptions shall be deemed extended for a period of ninety (90) days from the date of the rendition of the verdict where the cause has been tried before a jury, and from the filing of the judgment of the court if it has been tried by the judge without a jury and this period of ninety (90) days will not be extended save by an order of the court made before the term has expired, and such order will not be granted save in the most exceptional cases where the bill of exceptions is so voluminous that it cannot possibly be prepared served, submitted, and settled within the period of ninety (90) days herein provided for."

In addition to this, the trial judge signed within the term an order extending the time for settling the bill of exceptions for a period of ninety days from the date of the verdict. On October 25th, within the ninety-day period prescribed by the special order, and for which the term was extended by the general rule, the judge signed an order extending the time to December 16th, and the bill of exceptions was duly signed and allowed by him on December 15th.

The general rule is that "a bill of exceptions may be allowed at any time within the term at which the trial was had, or during any time to which by general or special rule or order the term or the time for signing the bill of exceptions has been extended and for such further time as during the existence of any such extension the court may order." United States v. Konstovich (C. C. A. 4th) 17 F.(2d) 84, 85; Cyc. of Fed. Procedure, vol. 6, p. 287. In applying this rule, we give no magic significance to the words used in an order. If the order extends the time for settling the bill of exceptions, it extends the term for that purpose; and vice versa. As the term was validly extended here by the general rule as well as by the special order, and as further extension was granted be-

fore the extended term expired, there can be no question but that jurisdiction to settle the bill was retained.

Counsel for plaintiff rely upon the wording of the general rule quoted above, contending that any extension of time beyond the ninety-day period must be obtained within the term proper and not within the extension. If, however, jurisdiction over the cause was retained by the general rule, as it undoubtedly was, an extension order entered while the court retained this jurisdiction was valid even if contrary to the rule; for the rule was merely a guide for the exercise of discretion, not a limitation upon the court's power. Hunnicutt v. Peyton, 102 U. S. 333, 353, 26 L. Ed. 113; Russo-Chinese Bank v. National Bank of Commerce (C. C. A. 9th) 187 F. 80, 86; Czizek v. Western Union Tel. Co. (C. C. A. 9th) 272 F. 223, 226. The order of extension of October 25th was signed within the period over which the term of court had been extended; and the case thus falls squarely within the decision of O'Connell v. United States 253 U. S. 142, 40 S. Ct. 444, 64 L. Ed. 827. See, also, opinion of the late Judge Sanborn in Stickel v. U. S. (C. C. A. 8th) 294 F. 808.

Coming to the merits, we think that the prayer of the government for a directed verdict should have been granted. Plaintiff suffered an attack of spinal meningitis shortly after his induction into the army and he suffered also severe wounds in battle which have unquestionably resulted in disability of a permanent nature; but the evidence negatives any possible conclusion that he was totally and permanently disabled within the meaning of his policy when he allowed it to lapse for nonpayment of premiums. He was discharged from the army late in 1919. Early in 1920 he was sent to a college in Atlanta, Ga., for technical training, where he stayed until June, 1923, completing a two-year course in two and one-half years. He worked at the Grendell Mills in Greenwood, S. C., doing electrical repair work between October 6, 1923 and May 24, 1924, earning wages of $701.30. He suffered a break down then and was out of employment until July, 1925, when he went to work for the Greenwood Mills, working continuously until February, 1928, and earning during this period $3,508. Since then he has worked at several different places, in one of which he worked continuously from March 1 to September 15, 1929. While the testimony shows that plaintiff has been partially disabled and cannot perform hard manual labor, it falls far short of showing that total and permanent disability necessary to justify a recovery under the policy. United States v. Harrison (C. C. A. 4th) 49 F.(2d) 227; United States v. Wilson (C. C. A. 4th) 50 F.(2d) 1063; U. S. v. Algie Thomas (C. C. A. 4th) 53 F.(2d) 192; Long v. U. S. (C. C. A. 4th) 59 F.(2d) 602; U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343; U. S. v. McGrory (C. C. A. 1st) 63 F.(2d) 697; U. S. v. Crain (C. C. A. 7th) 63 F.(2d) 528; U. S. v. Cornell (C. C. A. 8th) 63 F. (2d) 180; Nicolay v. U. S. (C. C. A. 10th) 51 F.(2d) 170; Gregory v. U. S. (C. C. A. 4th) 62 F.(2d) 345; U. S. v. Ellis (C. C. A. 4th) 62 F.(2d) 348.

The judgment of the court below will be reversed.

Reversed.