## EBERLE v. UNITED STATES.
### No. 4882.

Circuit Court of Appeals, Seventh Circuit.

June 27, 1933.

---

Clarence E. Benadum, of Muncie, Ind., for appellant.

Oliver M. Loomis, George L. Rulison, and William B. Duff, all of South Bend, Ind., for the United States.

Before ALSCHULER, EVANS, and SPARKS, Circuit Judges.

EVANS, Circuit Judge.

The decisive question on this appeal is one of fact—Was appellant totally and permanently disabled when discharged from military service on the 23rd day of July, 1918? Appellant contends that the evidence bearing on this issue was such as to require its submission to and determination by a jury and that the court erred in directing a verdict in favor of appellee. Appellee, on the other hand, contends that the evidence so overwhelmingly established the negative of appellant's position—that appellant was not totally and permanently disabled at the time of his discharge—that the court could not have allowed a verdict in appellant's favor to stand and therefore rightly directed a verdict against him.

Appellant entered the military service on the 24th day of May, 1918, and was discharged on July 23, 1918, upon a surgeon's certificate of disability. He was in the cavalry service.

While in the service, he says he was given "some 'shots' or innoculations * * * by needles" by the doctor. "After he took the shots he was unable to drill with the other soldiers." The army physician ordered him discharged, and appellant said his condition has grown steadily worse ever since. The physicians who testified in the case, while differing somewhat in their opinions as to appellant's disability, agreed that he had curvature of the spine and tubercular syphilis. They differed as to whether curvature of the spine was traceable to or could be occasioned by syphilis. Likewise, they were not in accord as to whether the syphilitic condition might be traceable to an improperly sterilized hypodermic needle.

Appellant was married in March, 1924. Since his discharge he has at times operated a jitney, and worked in the Marion Foundry.

The evidence as to the length of time he was employed in the foundry and his compensation while there is not in dispute. He worked there two different times for a total of nearly three years. He operated a crane. The day's work consisted of ten hours. From September 23, 1925, to September 4, 1926, he worked 46 weeks, receiving a wage of 35c per hour and earned the total of $943.42. He also worked for the same company from December 18, 1926 to November 8, 1928. During this period, his wage was also 35c per hour, and he received $2056.13. His highest weekly wage was $25.65, and the lowest was $6.54.

Placing the most favorable construction possible upon the testimony of appellant and his witnesses as to the present ill health and physical condition of Eberle, it was quite impossible for the trial court to overlook or discount the undisputed testimony of the Foundry Company's auditor. In the face of such testimony, the court was under the compulsion of directing a verdict in appellee's favor. Nalbantian v. U. S. (C. C. A.) 54 F. (2d) 63.

The judgment is affirmed.