## DUKES et al. v. UNITED STATES.
### No. 3476.

Circuit Court of Appeals, Fourth Circuit.
June 24, 1933.

H. C. Blackwell, of Fayetteville, N. C. (Robert H. McNeill, of Washington, D. C., and H. Woodward Winburn, of Greensboro, N. C., on the brief), for appellants.

W. H. Fisher, U. S. Atty., of Wilmington, N. C. (J. D. De Ramus, Chief Atty., and T. P. Regan, Atty., Veterans' Administration, both of Charlotte, N. C., on the brief), for the United States.

Before PARKER, NORTHCOTT, and SOPER, Circuit Judges.

PER CURIAM.

This is an appeal in a war risk insurance case in which verdict was directed for the government. Question is raised as to whether the total and permanent disability relied on must be shown to have existed in August, 1918, when the insured ceased paying premiums, or in April, 1920, when compensation dating back to the time of his discharge was awarded. It is not necessary to decide this question, however, as we are of opinion that at neither time was insured totally and permanently disabled within the meaning of the war risk insurance policy. The case is clearly governed by U. S. v. Jones (C. C. A. 4th) 62 F.(2d) 347; U. S. v. Diehl (C. C. A. 4th) 62 F.(2d) 343; and U. S. v. Harrison (C. C. A. 4th) 49 F.(2d) 227. As was said by the judge below [1]:

"The evidence discloses that in December, 1918, after the plaintiff was discharged from the Navy in August, 1918, he worked for one month with the Compress people and received $60.00 for his services. Thereafter he was a truck driver for the City of Wilmington, handling trash and at times doing hard labor, so one witness testified, from February, 1919, to June, 1919, receiving about $80.00 per month. Thereafter he was at the Delgado Mills in Wilmington, in the fall of 1919, at $21.00 per week, and in 1920 at $21.00 per week. In 1921, according to the testimony of Dr. Wysong, he was still at that mill as night watchman. In 1922 he was taking vocational training at the mill. In 1923 he was still at the mill, according to the evidence of the witness Ballard, receiving $21.00 per week."

We do not approve the reasoning of the judge to the effect that, if the insured was earning enough money to pay the premiums on the policies which were allowed to lapse, he could not be said to be totally disabled; but we agree with him that the uncontradicted evidence as to the work done and wages earned by insured negatives any possible conclusion that he was totally and permanently disabled. The judgment appealed from will be affirmed.

Affirmed.

---

[1] In charge to jury.