## BLAIR v. UNITED STATES.

### No. 8974.

Circuit Court of Appeals, Eighth Circuit.

Feb. 17, 1931.

Jonas F. Dyson, of Cotton Plant, Ark., for appellant.

Thomas E. Walsh, Atty. United States Veterans' Bureau, of Washington, D. C. (Wallace Townsend, U. S. Atty., and J. A. Tellier, Sp. Asst. to U. S. Atty., both of Lit-

tle Rock, Ark., on the brief), for the United States.

Before KENYON and BOOTH, Circuit Judges, and REEVES, District Judge.

KENYON, Circuit Judge.

This is an appeal from a judgment of the District Court of the United States for the Eastern District of Arkansas dismissing appellant's complaint and denying the right of appellant to recover upon a certain war-risk insurance certificate issued to him by the United States while he was in its naval service.

A jury was waived in writing, and the court made certain findings of fact as follows:

"2. That on the 14th day of December, 1917, the plaintiff, Thomas C. Blair, enlisted in the naval service of the defendant, the United States of America, and thereafter served with the naval forces of the defendant until he was honorably discharged therefrom on February 11, 1919.

"3. That the plaintiff, Thomas C. Blair, while serving in the naval service of the defendant, applied for and there was issued to him by defendant, a contract of war risk insurance in the sum of $10,000.00.

"4. That under the terms of said contract of insurance, the plaintiff was entitled to receive the sum of $57.50 per month in the event he became totally and permanently disabled while said contract remained in force.

"5. That the premiums paid by plaintiff on said contract of insurance, carried said insurance and kept the same in full force and effect up to and including the 31st day of March, 1919, after which date said insurance lapsed for the non-payment of premiums.

"6. That at no time during the period when said insurance was in full force and effect did the plaintiff become totally and permanently disabled and plaintiff was not totally and permanently disabled at the time said insurance lapsed for non-payment of premiums."

The court made the following declaration of law:

"1. That by reason of the fact that plaintiff was not permanently and totally disabled at any time while said insurance was in full force and effect, plaintiff is not entitled to recover in this action."

■ Under this condition of the record the only proposition before this court is whether or not the trial court's findings are based on substantial evidence. If they are, they are not reviewable here. The one of controlling importance is No. 6. Wabash Ry. Co. v. South Daviess County Drainage Dist. (C. C. A.) 12 F.(2d) 909; Federal Life Ins. Co. v. Bailey (C. C. A.) 13 F.(2d) 113; Harrison v. United States (C. C. A.) 42 F.(2d) 736.

■ It is unquestioned that the certificate of insurance, the basis of this suit, was duly issued while appellant was in the service. He was discharged therefrom on the 11th day of February, 1919. The premiums were paid to that time. It is agreed that the certificate of insurance lapsed on the 31st day of March, 1919, and appellant could recover judgment thereon only if he became totally and permanently disabled under the law and the terms of said certificate prior to that date. The burden to so show was upon him.

The meaning of the term "totally and permanently disabled" is well settled by the authorities, and is clearly stated in United States v. Sligh (C. C. A.) 31 F.(2d) 735, 736: "The term 'total and permanent disability' obviously does not mean that there must be proof of absolute incapacity to do any work at all. It is enough if there is such impairment of capacity as to render it impossible for the disabled person to follow continuously any substantially gainful occupation." See, also, United States v. Cox (C. C. A.) 24 F.(2d) 944; United States v. McPhee (C. C. A.) 31 F.(2d) 243; United States v. Acker (C. C. A.) 35 F.(2d) 646. This court discussed this question in United States v. Phillips, 44 F.(2d) 689.

■ We review the evidence somewhat to determine whether the findings of the court had substantial evidence to support them. Appellant introduced in the trial his medical service record while he was in the Navy, his own testimony, the testimony of two medical experts, and the testimony of a lay witness. There is nothing in the medical service record to show that he was totally disabled while in active naval service. True, he was discharged from the service because of a disability, which seems to have been an irritating kind of rheumatism, but the fact of discharge is not proof of permanent and total disability. It evidences that he was not fit to perform his duties as a sailor in time of war, and it would tend to show some temporary disability. Appellant in his own testimony seems to have had a keen knowledge of the law, for, when asked as to his claim of being permanently and totally disabled, he replied, "I cannot continuously follow a gainful occupation," and he testifies he was unable to work continuously after his discharge because of rheuma-

tism and thyroid trouble. He did, however, in July after his discharge take a course in vocational training at the expense of the government, receiving training pay for some of the months, amounting to $135 a month, and carried this on for approximately two years. During that time he was sent to a hospital for a period of less than three months, where he was operated on for thyroid goiter. Of course, if a person were totally and permanently disabled, there would have been no use in taking the course in vocational training. That he received the training pay each month with the exception heretofore noted is rather inconsistent with the claim that he was totally and permanently disabled during said period, and that period commenced within one year of the date on which he now claims he was totally and permanently disabled. We quote from his evidence on cross-examination:

"Q. Your complaint alleges that the— that you contracted some ailment of the thyroid gland and rheumatism while you were still in the service? A. Yes, sir.

"Q. So far as you know, these are the only two ailments of which you are complaining? A. Yes, sir, these are the only two ailments, I think the only trouble I have.

"Q. And it is your claim you were suffering from these two ailments at the time of your discharge? A. Yes, sir.

"Q. And you were totally and permanently disabled from then from these two ailments; is that true? A. In a sense of earning a livelihood."

On the 21st day of February, 1920, appellant filed an application for compensation, which was sworn to by him and witnessed by two witnesses, in which he claimed, in referring to his cause of discharge, that the nature and extent of the disability claim was "50% rheumatism." There is evidence in the record that appellant did perform some light service as timekeeper for a short time. The lay witness, Mr. Smith, does not testify as to total disability. He knew appellant while Smith was teaching school at the State Agricultural College in 1920 and 1921, but did not know his condition prior to March 31, 1919.

Dr. Berryman testified as a medical witness. He had not seen or examined appellant prior to January, 1920, and had no knowledge of his physical condition prior to that time. He did see him and treat him casually from 1920 to 1926, and testifies that his disability was about 50 per cent. while under his observation. On February 21, 1923, Dr. Berryman gave Mr. Blair a statement to be furnished to the Veterans' Bureau in connection with his compensation, in which he certified as follows:

"Russelville, Arkansas, Feb. 21, 1923.

"This certifies that I have had T. C. Blair in my care for the two years. That he has a general Rheumatism, enlarged Thyroid gland on left side. His condition is such that I rate his disability 50%.

"[Signed]  L. D. Berryman, M. D."

Dr. Berryman would not testify that appellant was totally disabled at any time during his observation.

The other medical witness was Dr. Brown, who testified that he knew nothing about whether appellant was totally and permanently disabled on April 1, 1919; that appellant could do light work at times, and he could not say whether his condition would become better or worse; that he had not treated him over ten or twelve times during the period in which he had visited the family from January, 1926, to the date of trial, which appears to have been in March, 1930.

For a court to find under this evidence that prior to March 31, 1919, appellant was totally and permanently disabled would be a mere guess, unsupported by any substantial evidence. The most that is shown is some temporary disability. While the courts are liberal in construing these insurance policies, and resolve doubts in favor of the insured, they are not warranted in granting relief without evidence. The government has been and is just in its treatment of its disabled soldiers, but it should not be imposed upon, and its desire to be just made the means of speculative and unjust claims. There is plenty of substantial evidence to sustain the judgment of the trial court, and it is affirmed.