## HUFFMAN v. UNITED STATES.
### No. 3620.

Circuit Court of Appeals, Fourth Circuit.
April 7, 1934.

267

Carleton Penn, of Roanoke, Va., for appellant.

F. S. Tavenner, Jr., Asst. U. S. Atty., of Woodstock, Va. (Joseph H. Chitwood, U. S. Atty., of Roanoke, Va., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and MEEKINS, District Judge.

PER CURIAM.

The appellant, hereinafter called the plaintiff, was inducted into the military services of the United States on the 19th day of September, 1917. During the service, in November, 1917, he was confined in a hospital and on the 25th day of January, 1918, he was discharged for physical disability. His war risk insurance policy lapsed on the 28th day of February, 1918, for nonpayment of premiums.

In April, 1932, plaintiff instituted this action in the District Court of the United States for the Western District of Virginia, alleging total and permanent disability during the life of the war risk term insurance policy. Upon the completion of the plaintiff's testimony at the trial of the case the appellee, hereinafter called the defendant, moved for a directed verdict, which motion was granted by the court, and judgment entered in accordance therewith, from which action this appeal was brought.

"The burden of proof rests upon the plaintiff * * * to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums." United States v. Diehl (C. C. A.) 62 F.(2d) 343, 345.

"And in the absence of clear and satisfactory evidence explaining, excusing or justifying it, petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed." Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 276, 78 L. Ed. 492, decided by the Supreme Court on the 8th day of January, 1934.

"* * * for a court to find from the evidence here presented that prior to March 30, 1928, plaintiff was totally and permanently disabled would be a 'mere guess, unsupported by any substantial evidence.' Blair v. United States (C. C. A.) 47 F.(2d) 109, 111; Nicolay v. United States (C. C. A.) 51 F.(2d) 170." United States v. Rodman (C. C. A.) 68 F.(2d) 351, 353.

The plaintiff was given hospitalization by the government in the years 1918 and 1919 and there were numerous examinations of the plaintiff by doctors both during the time he was in the hospital and in the years following, some fourteen or fifteen examinations in all, and without exception these examinations show that while the plaintiff had an incipient case of tuberculosis it was early arrested and did not recur. In October, 1919, some time after the discharge of the plaintiff from the hospital, he wrote the following to the bureau of war risk insurance:

"My physical condition is very good at the present time. But I am not at work, as I am waiting on the Federal Board to provide training for me.

"My earnings are nothing as you see per letter above. I am entitled to compensation, the same as the past."

This statement of the plaintiff shows that he did not consider himself permanently and totally disabled at that time.

An examination of the record shows a total absence of substantial proof of plaintiff's total and permanent disability during the life of the policy and the judgment of the court below is accordingly affirmed.