## UNITED STATES v. LANCASTER.
### No. 3627.

Circuit Court of Appeals, Fourth Circuit.
April 18, 1934.

Thomas E. Walsh, of Washington, D. C., Atty., Department of Justice (James O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., and Fendall Marbury, of Washington, D. C., Atty., Department of Justice, on the brief), for the United States.

George H. McNeill, of Washington, D. C., and W. H. Lee, of New Bern, N. C. (R. H. McNeill, of Washington, D. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

PER CURIAM.

Appellee, hereinafter referred to as plaintiff, brought this action to recover permanent and total disability benefits under a contract of war risk term insurance in the amount of $10,000, issued to him while in the Navy of the United States during the World War. The plaintiff entered the Navy in May, 1918, and was discharged in July, 1919.

The action was brought in August, 1931, in the District Court of the United States for the Eastern District of North Carolina. The case was allowed by the judge below to go to the jury which found the issue submitted for the plaintiff, upon which finding judgment was entered against appellant. From this action this appeal was brought.

The only question presented is whether there is any substantial evidence in the record that the plaintiff was permanently and totally disabled, within the meaning of his insurance contract, on September 7, 1919.

The record shows that at the time of the plaintiff's discharge he was deemed unfit for the service and was suffering from tuberculosis. The evidence further shows that plaintiff was given hospitalization and that the disease became arrested. The medical evidence is to the effect that, after having become arrested, the disease was never again active. The plaintiff was given vocational training and did light work over a period of years. At the time of the trial the plaintiff had materially gained in weight and weighed two hundred and forty pounds. The plaintiff himself testified that he at one time left the government hospital because he was dissatisfied with the length of the furlough given him. It is manifestly unfair to the government, when it offers hospitalization to a veteran, to have the veteran refuse further treatment and then claim that his disability is permanent. Walters v. United States (C. C. A.) 63 F.(2d) 299.

"The burden of proof rests upon the plaintiff * * * to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums." United States v. Diehl (C. C. A.) 62 F.(2d) 343, 345.

"And in the absence of clear and satisfactory evidence explaining, excusing, or justifying it, petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed." Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 276, 78 L. Ed. 492, decided by the Supreme Court on the 8th day of January, 1934.

"* * * For a court to find from the evidence here presented that prior to March 30, 1928, plaintiff was totally and permanently disabled would be a 'mere guess, unsupported by any substantial evidence.' Blair v. United States (C. C. A.) 47 F.(2d) 109, 111; Nicolay v. United States (C. C. A.) 51 F.(2d) 170." United States v. Rodman (C. C. A.) 68 F.(2d) 351, 353.

The record shows an absence of substantial proof of plaintiff's total and permanent disability during the life of the policy, and the judge below should, under the evidence, have directed a verdict for the defendant. The judgment is accordingly reversed.