518

## UNITED STATES v. REID.
### No. 3618.

Circuit Court of Appeals, Fourth Circuit.
April 18, 1934.

Thomas E. Walsh, of Washington, D. C., Atty., Department of Justice (James O. Carr, U. S. Atty., of Wilmington, N. C., Will G. Beardslee, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to the Atty. Gen., and Fendall Marbury, of Washington, D. C., Atty., Department of Justice, on the brief), for the United States.

Fred F. Myrick (Norma Janet Winburn, of Greensboro, N. C., on the brief), for appellee.

Before NORTHCOTT and SOPER, Circuit Judges, and WEBB, District Judge.

### PER CURIAM.

The appellee, hereinafter called the plaintiff, entered the Army March 30, 1918, and was discharged in July, 1919. During the period of his service a contract of war risk insurance was issued to him. This policy lapsed in August, 1919. In December, 1932, plaintiff brought this action on said policy alleging that during the life of the policy he had become permanently and totally disabled.

■ The only question presented on this appeal is whether there is any substantial evidence that the plaintiff was totally and permanently disabled within the meaning of his insurance contract while said contract was in effect and prior to August, 1919, when it expired.

The evidence of the plaintiff (himself) is to the effect that he received injuries to his head while in the Army and has been sick ever since, and that he suffered from spells which he (the plaintiff) said were "epileptic fits." The official records show that at the time of his discharge he was found mentally and physically sound, and that he himself declared that he had no reason to believe that he was impaired in health. There is no medical evidence that the plaintiff was suffering from epilepsy prior to the spring of 1924, more than four years after his insurance lapsed and after he had been severely injured by a blow on his head, and by being cut, in a fight in which he had engaged. While there was evidence that he had some sort of seizure on the boat returning to the United States, there is no satisfactory evidence as to what the nature of that seizure was, and the evidence further shows that the plaintiff did work at various times after his discharge from the Army. The plaintiff served a sentence of sixty days on a road gang for the violation of a state law, and the superintendent of the prison camp testified that during this period he worked every day and had no "fits."

■ "The burden of proof rests upon the plaintiff * * * to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums." United States v. Diehl (C. C. A.) 62 F.(2d) 343, 345.

■ "And in the absence of clear and satisfactory evidence explaining, excusing, or justifying it, petitioner's long delay before bringing suit is to be taken as strong evidence that he was not totally and permanently disabled before the policy lapsed." Lumbra v. United States, 290 U. S. 551, 54 S. Ct. 272, 276, 78 L. Ed. 492, decided by the Supreme Court on the 8th day of January, 1934.

"* * * For a court to find from the evidence here presented that prior to March 30, 1928, plaintiff was totally and permanently disabled would be a 'mere guess, unsupported by any substantial evidence.' Blair v. United States (C. C. A.) 47 F.(2d) 109, 111; Nicolay v. United States (C. C. A.) 51

F.(2d) 170." United States v. Rodman (C. C. A.) 68 F.(2d) 351, 353.

The record shows an absence of substantial proof of plaintiff's total and permanent disability during the life of the policy, and the judge below should, under the evidence, have directed a verdict for the defendant.

The judgment is accordingly reversed.