## UNITED STATES v. PFAFF.
### No. 4204.

Circuit Court of Appeals, Fourth Circuit.
Jan. 4, 1938.

Oscar H. Doyle, U. S. Atty., of Ander-son, S. C. (Julius C. Martin, Director, Bu-reau of War Risk Litigation, of Washing-ton, D. C., Wilbur C. Pickett, Sp. Asst.

to Atty. Gen., and Keith L. Seegmiller, Atty., Department of Justice, of Washing-ton, D. C., on the brief), for the United States.

John C. Williams and L. K. Leonard, both of Spartanburg, S. C., for appellee.

Before PARKER and NORTHCOTT, Circuit Judges and McCLINTIC, District Judge.

NORTHCOTT, Circuit Judge.

This is an action at law brought by the appellee, Mrs. Odell Elliott Pfaff, here re-ferred to as the plaintiff, in the District Court of the United States for the West-ern District of South Carolina, at Green-ville, against the appellant, United States of America, here referred to as the defend-ant, in which action the plaintiff sought to recover on a war risk insurance policy is-sued to one DeWitt Elliott. In March, 1937, a trial was had before a jury and at the conclusion of all the evidence a motion for a directed verdict was made on be-half of the defendant, which motion the court overruled. The case was submitted to the jury which found a verdict in fa-vor of the plaintiff and judgment was en-tered upon the verdict. From this action of the court below this appeal was brought.

The veteran, DeWitt Elliott, enlisted in the United States Army in July, 1917, and was honorably discharged on March 24, 1919. During his term of enlistment there was issued to him a war risk term insurance policy for the sum of $10,000. Premiums were paid by the insured for a short period and the policy lapsed through nonpayment of premium on May 1, 1919. The mother of the veteran was the original beneficiary, but she died in the year 1923. The veteran married the plaintiff in the year 1923, and had three children. The veteran died intestate in April, 1930, and the plaintiff was appointed administratrix of his estate. After bringing this action the plaintiff again married and an order was entered noting the change in her name as plaintiff.

The Insurance Claims Council made a finding that the veteran was permanently and totally disabled for insurance purposes as of February 5, 1923. The evidence dis-closes that the veteran was in good health at the time he entered the Army and that while in France he had an attack of influ-enza and was hospitalized before his dis-charge; on March 21, 1919, he signed a

statement disclaiming any disability; on' his return home he was in bad physical condition; had lost weight and shortly after his return had a hemorrhage from the lungs.

The veteran liked the game of baseball and in the summer of 1920 played as a regular member of a team of the Cramerton Cotton Mill, being carried on the pay roll of the company, with nominal duties because of his ability as a ball player, and he continued to play the game from time to time until the year 1928. At times he endeavored to work on his father's farm. He was hospitalized from time to time but repeatedly refused to receive the treatment offered by the government in its hospitals and in the year 1923 he signed the statement that he was leaving the government hospital at Greenville, S. C., of his own volition and against the advice of the medical officer in charge and releasing the officer from any responsibility resulting from this action on his part. In 1927 he refused to take a transfer at the same hospital to the treatment ward and was dropped as being absent without leave. The same thing happened with him again in the early part of the year 1928. The veteran drew compensation from the government up to the time of his death and made no claim for his insurance before that time.

The medical testimony showed that he seemed to be in good health just before his discharge; that on September 6, 1920, his physical condition was good; that on November 4, 1921, he was examined by the Chief Medical Examiner, South Carolina Unit No. 2, United States Public Health Service, and that the examination showed pulmonary tuberculosis, quiescent.

The question presented is whether there was any substantial evidence to support the verdict of the jury. A study of the evidence offered leads us to the conclusion that, while it might properly be found as a fact that the veteran may have had incipient tuberculosis during the life of the policy, there is an entire absence of any substantial evidence that he was permanently and totally disabled during that time or that the disease with which he might possibly have been afflicted was incurable.

■ The courts have long recognized the fact that incipient tuberculosis is not necessarily permanent and incurable. United States v. Stack, 4 Cir., 62 F.2d 1056. The refusal of the veteran to take advantage of the hospital facilities offered by the government, which would have in all probability resulted in his cure, weighs heavily against the plaintiff's contention.

■ The burden is upon one claiming war risk insurance to prove that the insured became permanently and totally disabled during the life of the policy. In the absence of clear and satisfactory evidence justifying it, the long delay before bringing suit is to be taken as strong evidence that the insured was not totally and permanently disabled before the policy lapsed. United States v. Reid, 4 Cir., 70 F.2d 518, and cases there cited; Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L. Ed. 492.

■ "An insured may not convert a total temporary disability existing before lapse into a total permanent disability by neglecting his condition after lapse, and the failure to take treatment may destroy whatever probative value death or permanency of disability occurring after lapse would otherwise have." Eggen v. United States, 8 Cir., 58 F.2d 616, 620.

A discussion of the principles involved here will be found in the case of United States v. Anderson, 4 Cir., 76 F.2d 337, decided by this court.

■ We have repeatedly held that the realm of speculation or conjecture cannot be entered into in order to justify recovery but that the evidence must be definite and certain. United States v. Anderson, supra; Daniels v. United States, 4 Cir., 92 F.2d 288.

The absence of any substantial proof as to the veteran's condition during the life of the policy; the fact that he continued to play the game of baseball, with its accompanying physical exertion, for many years before his death; the fact that he did not himself claim total and permanent disability in the years that elapsed from the time of his discharge until his death; and his refusal to accept the treatment offered by the government and his action in leaving various hospitals without the permission of the doctors in charge of them, all leads to the conclusion that no case was made on behalf of the plaintiff that would justify the verdict of the jury. A verdict should have been directed for the defendant.

Reversed.