**SAUNDERS et al. v. UNITED STATES.**

No. 4213.

Circuit Court of Appeals, Fourth Circuit.

Jan. 4, 1938.

P. T. Stiers, of Reidsville, N. C., for appellants.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Carlisle W. Higgins, U. S. Atty., of Greensboro, N. C., on the brief), for the United States.

Before NORTHCOTT and SOPER, Circuit Judges, and McCLINTIC, District Judge.

PER CURIAM.

This is an action at law brought by the appellants, here referred to as the plaintiffs, in the District Court of the United States for the Middle District of North Carolina, at Greensboro, in June, 1935, against the appellee, United States of America, here referred to as the defendant. The object of the action was to recover upon a war risk term insurance policy issued February 1, 1918, to one George Fields Carroll, in the sum of $5,000. Plaintiff Della Saunders is administratrix of the estate of the insured and plaintiff E. H. Carroll is the executor of the estate of Emma Carroll, the deceased, beneficiary designated by the insured in the contract of insurance. Only one month's premium was paid on the policy and it lapsed, for nonpayment of premium, on March 31, 1918. The insured enlisted in the North Carolina Unit of the National Guard on June 2, 1917, and was mustered into the regular Army of the United States on July 25, 1917. He was discharged from the Army on a surgeon's certificate of disability on February 28, 1918, and died of influenza and pneumonia on October 9, 1918.

A trial was had before a jury in April, 1937. At the conclusion of plaintiffs' testimony a motion was made on behalf of the defendant for a directed verdict which motion was overruled. At the conclusion of all the testimony the motion on behalf of the defendant for a directed verdict was renewed, which latter motion the court allowed and instructed the jury to find for the defendant. From this action of the court below this appeal was brought.

The sole question involved is whether there was substantial evidence to support the plaintiffs' claim that the insured became totally and permanently disabled during the short time the policy was in force.

There is evidence, and it is not contradicted, tending to show that at the time the deceased was insured he had heart trouble, mitral stenosis, and that his physical condition continued up to the time of his discharge and, by necessary inference from all the evidence, until the policy lapsed, without any change. It is, however, not necessary to decide the case on this point.

This court has repeatedly held that the burden of proof is upon those seeking to recover upon war risk insurance policies; that in the absence of clear and satisfactory proof justifying it, the long delay before bringing suit is strong evidence that the insured was not totally and permanently disabled before the policy lapsed; and that the realm of speculation or conjecture cannot be entered into in order to justify recovery but that the evidence must be definite and certain. United States v. Pfaff, 4 Cir., 93 F.2d 823, decided by us this day, and cases there cited.

Here there is no substantial evidence that the insured became totally and permanently disabled within the time the policy was in force; there was no effort to prove the cause of the alleged disability; and the insured died from a disease other than that from which he was suffering at the time of his discharge. To hold that he became totally and permanently disabled in February or March, 1918, would be a mere guess or conjecture.

The judge properly directed a verdict for the defendant, and the judgment of the court below is affirmed.

Affirmed.