## UNITED STATES v. GIBBS.

### No. 8633.

Circuit Court of Appeals, Ninth Circuit.

April 25, 1938.

John B. Tansil, U. S. Atty., and Francis J. McGan, Atty., Department of Justice, both of Butte, Mont., and Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett and Fendall Marbury, Sp. Assts. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., for appellant.

Molumby, Busha & Greenan of Great Falls, Mont., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

HANEY, Circuit Judge.

From a judgment against it in an action upon a contract of war risk term insurance, appellant prosecutes this appeal.

Appellee served as an enlisted man in the armed forces of the United States from July 9, 1917, to May 21, 1919, when he was honorably discharged.

On and prior to June 6, 1918, there was in force and effect a certificate issued by the War Risk Insurance Bureau, certifying that appellee had complied with the War Risk Insurance Act, 40 Stat. 398, as amended, so as to entitle him and his beneficiaries to the benefits of that act and related acts. The monthly insurance premiums provided for by said act, and appropriate departmental regulations, were deducted by the government, during the term of appellee's service, which terminated May 21, 1919.[1]

It is alleged in the complaint that appellee at a time when such insurance was in effect, became totally and permanently disabled on June 6, 1918, by reason of gunshot wounds in the left arm, left shoulder, left elbow, left leg, right heel, chest, and back, and arthritis, neuritis, adhesions, and pleurisy, gas infection, gangrene poison, fibrosis, and neurosis. Appellee filed a written claim for insurance benefits with the Veterans' Bureau on June 25,

---

[1] In the absence of anything to the contrary, it may be presumed that the certificate lapsed for nonpayment of premium on June 1, 1919.

1931, which claim was denied December 5, 1935.

The answer of the government denied the allegation as to permanent and total disability and denied liability under the terms of the certificate.

The jury's verdict was for the appellee as was the judgment thereon.

Error is assigned to the failure to grant a directed verdict at the conclusion of all the evidence, and to the refusal of a request that the jury be directed to return a verdict for defendant. These assignments were the only ones specified in appellant's brief, and no others were argued to us.

The following facts appear to be undisputed: Appellee served in the United States Marine Corps from July 9, 1917, to May 12, 1919; during the summer and autumn of 1917 he was confined in a hospital for thirty-one days suffering from tonsillitis and measles; then he was wounded in action, receiving a bullet wound in his right heel, a bullet wound in his left leg, two bullet wounds in his left arm, and a wound in the back caused by a shell fragment which he testified went "through the lung."

It further appears that appellee sustained chest lacerations and that he was operated upon to overcome the effects of gas gangrene. He testified to lack of lifting power in and swelling of his arms, numbness in his hand, inability to sleep because of pain, cramps, and swelling of his ankles and legs, and certain weakness resulting from chest wounds.

The record discloses that appellee was an applicant for health and accident insurance in April of 1922, and that he then represented himself as physically and mentally sound and neither maimed nor deformed; and that in an application for reinstatement of his war risk insurance in June of 1925 he answered in the negative an inquiry as to whether he was then permanently and totally disabled.

Appellee's work record shows employment on a Montana ranch, in 1919-1920 for a period of ten months at a monthly wage of from $30 to $40 per month. From July of 1920 to December 1, 1923, appellee was engaged in vocational training. For a period of about three years from and after July, 1924, he was employed by the Beaver Motor Company earning from $50 to $100 per month, dependent upon the time he "took off." From the spring of 1928 until February, 1936 (part of this time with a partner), he engaged in the automobile business, at the same time conducting an automobile sales agency: from February, 1936, to the date of trial he was employed as shop foreman in the same shop, having supervision of seven or eight employees, receiving as compensation $175 per month for a portion of the time, and $150 per month during the remainder.

It also appears that from 1934 to the date of trial appellee owned and operated a stage line, engaged in carrying on a government mail contract.

The record shows that for temporary periods during the entire work record appellee "laid off" and abstained from work because of various physical disabilities.

It must be observed that while appellee's disability is now said to have been total and permanent from and after June 6, 1918, that a claim for insurance benefits arising therefrom was first made June 25, 1931.

The sole question for our consideration is, Does the record herein disclose any substantial evidence that the veteran was totally and permanently disabled from and after June 6, 1918?

Total and permanent disability within the meaning of the act exists if it was impossible for the veteran to follow continuously any substantially gainful occupation. Lumbra v. United States, 290 U. S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Spaulding, 293 U.S. 498, 505, 55 S.Ct. 273, 276, 79 L.Ed. 617; Miller v. United States, 294 U.S. 435, 440, 55 S.Ct. 440, 442, 79 L.Ed. 977.

Partial permanent disability is not sufficient to justify recovery, United States v. Spaulding, supra, United States v. Hansen, 9 Cir., 70 F.2d 230, 231, nor is total temporary disability sufficient, Lumbra v. United States, supra.

An unexplained delay of nearly thirteen years after the alleged existence of total and permanent disability in making claim for insurance benefits is evidence that should not be disregarded. Lumbra v. United States, supra.

We may properly consider a three-year venture in vocational training as some evidence of a lack of total and permanent disability. Blair v. United States, 8 Cir., 47 F.2d 109.

Appellant relies strongly upon United States v. Fairbanks, 9 Cir., 89 F.2d 949, but that case is distinguishable in that the record there was replete with evidence that such work as Fairbanks did, so aggravated his condition and ailment as to increasingly and progressively impair his health, and that he was unable to work without help and a monthly supply of money. Such evidence of progressive increasing impairment and inability to work without help is not present in the instant case.

■ It has been said "total disability is not an abstract concept. * * * It is a relative term, and whether it is present in a particular case depends upon the peculiar facts and circumstances of that case." United States v. Rasar, 9 Cir., 45 F.2d 545, 547.

■ Applying the above rules to evidence offered here, giving credence to the veteran's testimony as to occasional or perhaps frequent losses of time from work for various periods over a term of eighteen years, noting the extensive work record and the long delay in making claim for insurance benefits, we are of opinion that there was no substantial evidence to submit to the jury upon the question of the veteran's total and permanent disability on June 6, 1918.

There was no showing that appellee was unable to do that which he manifestly did do over a period of nearly twenty years.

A verdict for appellant should have been directed below.

Reversed.