## UNITED STATES v. BREWER.
### No. 8775.

Circuit Court of Appeals, Fifth Circuit.
July 5, 1938.

Thomas E. Walsh, Atty., Department of Justice, Washington, D. C., and Toxey Hall, U. S. Atty., of Jackson, Miss., for the United States.

Nate S. Williamson and J. A. Riddell, both of Meridian, Miss., for appellee.

Before FOSTER, SIBLEY and HOLMES, Circuit Judges.

SIBLEY, Circuit Judge.

William Henry Brewer was discharged from the army Jan. 17, 1919, having broken three ribs, causing pneumonia which had resulted in an empyema in the right lung which was still discharging through a drain tube. He ceased paying premiums in May following but made no claim of total and permanent disability until 1930, and testifies that he first felt entitled to claim his insurance in 1925. The empyema caused a fibrosis, or hardening in the upper half of the right lung, and bronchitis with arthritis later. Brewer was on

900

his discharge rated as partially disabled for compensation purposes, and was in August, 1919, put in vocational training, at which he continued for over four years, when he was discharged as rehabilitated and given a certificate of proficiency in poultry raising. He had had frequent examinations by Government physicians who first diagnosed tuberculosis in 1923, putting him then for the first time in a hospital. He did not like his treatment there and left without leave. He afterwards did some work such as raising chickens, taking contracts to repair public bridges, served as game warden, and ran for Justice of the Peace, but did not carry on continuously any substantially gainful occupation. His tuberculosis became arrested in 1925, but his medical advice was that exertion would tend to render it active again. Two physicians in general practice examined him soon after his discharge from the army and, though they kept no record and one seems to refer to the time in 1923 when Brewer was running the chicken farm, they say they found tuberculosis early in 1919, but neither ordered him to bed. They express the opinion that he was then totally and permanently disabled. This opinion the physicians were not entitled to express so broadly and it has no probative force. United States v. Spaulding, 293 U.S. 498, 55 S.Ct. 273, 79 L.Ed. 617; United States v. Rakich, 8 Cir., 90 F.2d 137. The sole question argued before us is whether a verdict should not have been directed for the United States.

■■ While the Veterans Administration has a broad discretion in paying war risk Insurance claims, courts and juries have no function of generosity, but must decide these as all other cases according to the law and the facts. When the insured ceases to pay his premiums his insurance after thirty days lapses, unless already matured by a then existing total and permanent disability. The claimant must show by a preponderance of evidence that an inability then existed to carry on continuously any substantially gainful occupation, and that the circumstances then were such as to make it reasonably certain that such inability would continue the remainder of insured's life. Long delay unexplained raises a factual presumption against the merit of the claim and puts a heavier burden on the claimant to show a clear case. Lumbra v. United States, 290 U.S. 551, 54 S.Ct. 272, 78 L.Ed. 492; United States v. Pfaff, 4 Cir., 93 F.2d 823; Saunders v. United States, 4 Cir., 93 F.2d 825; United States v. Rakich, 8 Cir., 90 F.2d 137.

■■ The petition claims total and permanent disability before July 1, 1919, because of "pneumonia followed by empyema, and pulmonary tuberculosis chronic and active, which afterwards became an arrested case of tuberculosis, but not to the extent that he [petitioner] can work." Pneumonia ceases when it does not kill. The empyema while it existed was totally disabling and of course left a lung scar which is permanent but not totally disabling. It might be found that an incipient tuberculosis existed by July 1, 1919, but it has been frequently held that such tuberculosis, while totally disabling because complete rest is its proper treatment, is judicially known to be curable, so that permanent disability cannot be attributed to it until treatment has been tried and found unavailing. Until that time the circumstances are not such as to show with reasonable certainty that the total disability will continue for life. It is here argued that Brewer came out of the army wholly unable to work, and that before his empyema healed he got tuberculosis which kept him totally unable to work, and that he has in fact been thus disabled ever since and it now appears will continue to be. But it is not enough to prove that the tuberculosis or other frequently curable disease eventually turned out badly and was not cured. It must have been fairly evident that it would so result before the policy lapsed. An insured who suspects his presently total disability may prove permanent must pay his premiums until permanency fairly appears. This rule not only accords with the Secretary of the Treasury's definition of permanency, but seems to us the fair basis for such insurance, especially where no claim has been made under the policy when it is suffered to lapse. If the true cause of the disability be unknown or wrongly diagnosed, subsequent developments which reveal its original though unsuspected malignancy would show original permanency; but where the cause is known, and known to be frequently curable, permanency does not exist until reasonable effort to cure fails. Thus understanding the law, after allowing all reasonable conclusions of fact in Brewer's favor, we must hold that permanency in his disability is not shown at the time he suffered his insurance to lapse without claim.

The judgment is reversed for further proceedings not inconsistent with this opinion.