**UNITED STATES v. MARSH et al.**

**No. 4509.**

Circuit Court of Appeals, Fourth Circuit.

Nov. 6, 1939.

Rehearing Denied Dec. 23, 1939.

See 108 F.2d 558.

Young M. Smith, Atty., Department of Justice, of Washington, D. C. (Sterling Hutcheson, U. S. Atty., and Russell T. Bradford, Asst. U. S. Atty., both of Norfolk, Va., Julius C. Martin, Director, Bureau of War Risk Litigation, of Washington, D. C., Wilbur C. Pickett, Sp. Asst. to Atty. Gen., and Thomas E. Walsh, Atty., Department of Justice, of Washington, D. C., on the brief), for appellant.

Robert H. McNeill, of Washington, D. C. (Levin Nock Davis, of Accomac, Va., on the brief), for appellees.

Before PARKER, and SOPER, Circuit Judges, and DOBIE, District Judge.

PARKER, Circuit Judge.

This is an appeal in a war risk insurance case which was before this court in Marsh v. United States, 4 Cir., 97 F.2d 327. On the trial last had, the government made a motion for directed verdict, action on which was reserved by the court. After verdict for plaintiff, motion was made to set aside the verdict and enter judgment in accordance with the motion, non obstante veredicto, under Rule 50(b) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c. This motion was denied; and, from judgment for plaintiffs, the government has appealed. The only question raised by the appeal is the sufficiency of the evidence to establish total and permanent disability at the time of the lapse of the policy on May 1, 1919.

Insured was operated on in a hospital in France on October 11, 1918 for acute appendicitis, and was found to be suffering also from hernia. No operation was performed for the hernia, but the appendicitis was found to be suppurative and insured was confined to his bed following the operation for a period of several weeks. In January 1919 he was returned to the United States. He was granted his discharge March 8, 1919, and immediately returned to his home on the Eastern Shore of Virginia. His health was bad following his return, and he was unable to work.

He consulted a physician, who, as early as the middle of May 1919, diagnosed his trouble as adhesions following the operation for appendicitis and advised that he go to a hospital for observation and treatment. He failed to follow this advice, although his condition was growing worse. On August 6, he suffered a violent attack and was carried to the hospital but was found at that time to be beyond surgical aid. He died on August 13 from acute dilation of the stomach caused by the adhesions.

There can be no question but that insured was suffering from the adhesions prior to the lapse of his policy, and that these resulted in total disability. The question is whether there was substantial evidence that at that time it was reasonably certain that the disability would continue throughout the lifetime of insured. We do not think that there was. The evidence is uncontradicted that proper surgery will relieve adhesions and result in a cure in eighty to ninety per cent of cases, if sought before the patient is in extremis. Insured was warned by a competent physician that he had adhesions and was advised to enter a hospital and place himself under the care of a surgeon several months before he was seized by the acute attack which terminated in his death. Had he taken this advice instead of neglecting his condition, there is nothing in the evidence to show that he might not have been relieved. It is not enough that an ailment which is frequently curable eventually turns out badly and is not cured. When the cause of the trouble is known, and is known to be frequently curable, permanency cannot be said to exist until reasonable effort to cure fails. United States v. Brewer, 5 Cir., 97 F.2d 899. It must appear that at the time of lapse insured was permanently disabled; and this must necessarily be uncertain where treatments were available to him which in the light of all the circumstances had reasonable hope of success. Theberge v. United States, 2 Cir., 87 F.2d 697. Failure to take treatment may destroy whatever probative value death or permanency of disability occurring after lapse would otherwise have. Eggen v. United States, 8 Cir., 58 F.2d 616.

The case is ruled by the decision of this Court in Mikell v. United States, 4 Cir., 64 F.2d 301, 303. That was a case of death from chronic appendicitis, where, because of a mistaken diagnosis, insured failed to seek surgical aid in time. Plaintiff contended that the seriousness of the ailment of insured should be judged by its result and in the light of the mistaken diagnosis. In answering this contention, we said:

"The answer to this is that, whatever the diagnosis, it is clear that the appendicitis at the time of the lapse of the policy had not reached the stage where it constituted permanent disability; for. it was not based upon such conditions as to render it reasonably certain that it would continue throughout the life of the insured. There is nothing in the evidence to justify the conclusion that it might not have been cured at that time if it had been properly treated. As we said in the case of U. S. v. Diehl [4 Cir.] 62 F.2d 343, 345: 'The burden of proof rests upon the plaintiff in an action of this character to establish that he became totally and permanently disabled before the policy lapsed for the nonpayment of premiums. He must show two things: (1) That before the policy lapsed he was totally disabled, i. e., that his disability was of such a character that he was incapable of pursuing with reasonable regularity any substantially gainful occupation; and (2) that this disability was of a permanent character, i. e., that it was based upon conditions which rendered it reasonably certain at the time that it would continue throughout the life of the insured. Of course, the subsequent history of the insured may be considered for the purpose of determining whether a disability deemed only partial or temporary at the time of the lapse of the policy was in fact total and permanent. But partial disability existing at the time of lapse does not warrant a recovery, even though total disability may subsequently result; and total disability based upon conditions which at the time of lapse do not render it reasonably certain that such total disability will continue through life is not to be deemed permanent, even though a subsequent change of conditions may render such disability permanent in character.'"

For the reasons stated, the judgment appealed from will be reversed and the cause will be remanded with direction to enter judgment for the government pursuant to Rule 50(b) in accordance with the motion for directed verdict.

Reversed.